Chandler P. Thompson
**AKERMAN LLP**
170 South Main Street, Suite 725
Salt Lake City, Utah 84101
Telephone: (801) 907-6900
Facsimile: (801) 355-0294
Email: chandler.thompson@akerman.com

Taylor T. Haywood
**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
Email:  taylor.haywood@akerman.com

*Attorneys for defendant Nationstar Mortgage LLC d/b/a Mr. Cooper*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| DENNIS MCALPIN and CARRIE MCALPIN,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER; and JOHN DOES 1-10,<br><br>Defendants. | Case No: 6:19-cv-00046-CCL<br><br>**NATIONSTAR MORTGAGE LLC'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper answers plaintiffs Dennis and Carrie McAlpin's complaint.

1. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 and therefore denies the same.

2. Admitted Nationstar services mortgage loans across the country and conducts business under the trade name "Mr. Cooper." Except as expressly stated, denied.

3. Paragraph 3 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, admitted this court has jurisdiction over this matter.

4. Paragraph 4 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, admitted venue is proper in this court.

## FACTS

5. Admitted upon information and belief.

6. Admitted.

7. Admitted Dennis McAlpin was employed by the state of Montana in 2015 upon information and belief. Nationstar is without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 7 and therefore denies the same.

8. Admitted servicing of the McAlpins' loan transferred to Envoy

Mortgage, Ltd. c/o LoanCare, LLC effective January 3, 2018.  Except as expressly stated, denied.

9. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 and therefore denies the same.

10. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 and therefore denies the same.

11. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 and therefore denies the same.

12. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 and therefore denies the same.

13. Admitted servicing of the McAlpins' loan transferred to Nationstar effective October 2, 2018.  Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 13 and therefore denies the same.

14. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 and therefore

denies the same.

15. Admitted Nationstar sent the McAlpins a letter dated November 7, 2018. The letter speaks for itself, and Nationstar denies any allegations inconsistent therewith. Except as expressly stated, denied.

16. Denied.

17. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 and therefore denies the same.

18. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 and therefore denies the same.

19. Admitted a notice of trustee's sale dated February 13, 2019 was recorded with the Lewis and Clark County Clerk and Recorder on February 13, 2019. The notice speaks for itself, and Nationstar denies any allegations inconsistent therewith.

20. Denied.

21. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 and therefore denies the same.

22. Denied.

23. Admitted Nationstar sent the McAlpins a letter dated March 16, 2019. The letter speaks for itself, and Nationstar denies any allegations inconsistent therewith. Except as expressly stated, denied.

24. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 and therefore denies the same.

25. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 and therefore denies the same.

26. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 and therefore denies the same.

27. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27 and therefore denies the same.

28. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28 and therefore denies the same.

29. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 and therefore

denies the same.

30. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 and therefore denies the same.

31. Denied.

32. Denied.

33. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33 and therefore denies the same.

34. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34 and therefore denies the same.

35. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35 and therefore denies the same.

36. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 36 and therefore denies the same.

37. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37 and therefore

denies the same.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

**COUNT I – MONTANA CONSUMER PROTECTION ACT**

43. Nationstar incorporates its responses contained within paragraphs 1 through 42 as though set forth in full.

44. Paragraph 44 states a legal conclusion to which no responsive pleading is required.

45. Denied.

46. Denied.

**COUNT II – NEGLIGENCE AND NEGLIGENT MISREPRESENTATION**

47. Nationstar incorporates its responses contained in paragraphs 1 through 46 as though set forth in full.

48. Paragraph 48 states a legal conclusion to which no responsive pleading is required.

49. Paragraph 49 states a legal conclusion to which no responsive pleading is required.

50. Paragraph 50 states a legal conclusion to which no responsive pleading is required.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## COUNT III – TORTIOUS BAD FAITH

56. Nationstar incorporates its responses contained in paragraphs 1 through 56 as though set forth in full.

57. Denied.

58. Denied.

59. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 59 and therefore denies the same.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## COUNT V – FAIR DEBT COLLECTION PRACTICES ACT

64. Nationstar incorporates its responses contained in paragraphs 1 through 63 in full.

65. Paragraph 65 states a legal conclusion to which no responsive pleading is required.

66. Paragraph 66 states a legal conclusion to which no responsive pleading is required.

67. Paragraph 67 states a legal conclusion to which no responsive pleading is required.

68. Denied.

69. Denied.

## COUNT VI – PUNITIVE DAMAGES

70. Nationstar incorporates its responses contained in paragraphs 1 through 69 as though set forth in full.

71. Denied.

## COUNT VII – INJUNCTIVE RELIEF

72. Nationstar incorporates its responses contained in paragraphs 1 through 71 as though set forth in full.

73. Denied.

74. Nationstar denies the McAlpins are entitled to the relief requested.

75. Nationstar denies all allegations not specifically admitted.

## AFFIRMATIVE DEFENSES

1. The McAlpins' complaint fails to set a claim upon which relief may be granted.

2. The McAlpins' claims are barred, in whole or in part, by their failure to mitigate their damages.

3. The McAlpins' claims are barred, in whole or in part, by comparative negligence principles.

4. The McAlpins' damages, if any, were caused by the acts or admissions of their own agents.

5. The McAlpins' claims are barred, in whole or in part, because the damages they sustained were the direct and proximate cause of independent, intervening, negligent or unlawful conduct of third parties or their agents, and not any act or omission by Nationstar.

6. The McAlpins' tort claims bar barred, in whole or in part, to the extent plaintiff seeks to recover for purely economic loss.

7. Nationstar has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Nationstar reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

8.	Nationstar reserves the right to assert additional affirmative defenses in the event discovery or investigation disclose the existence of other defenses.

WHEREFORE, Nationstar prays as follows:

1.	The complaint and every cause of action therein be dismissed with prejudice;

2.	The McAlpins' prayers for relief be denied;

3.	Judgment be entered in Nationstar's favor;

4.	Nationstar be awarded their attorneys' fees and costs, if allowable; and

5.	Nationstar be awarded such other and further relief as the court deems proper.

Respectfully submitted, this the 16th day of July, 2019.

        **AKERMAN LLP**

        */s/ Taylor T. Haywood*
        Chandler P. Thompson
        170 South Main Street, Suite 725
        Salt Lake City, Utah 84101
        Telephone:   (801) 907-6900
        Facsimile:    (801) 355-0294
        Email: chandler.thompson@akerman.com

        Taylor T. Haywood
        1900 Sixteenth Street, Suite 1700
        Denver, Colorado 80202
        Telephone:   (303) 260-7712
        Facsimile:    (303) 260-7714
        Email: taylor.haywood@akerman.com

        *Attorneys for defendant Nationstar*
        *Mortgage LLC d/b/a Mr. Cooper*